IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL RINALDI,** | : |
| Petitioner | : CIVIL NO. 1:13-CV-1976 |
| v. | : (Judge Rambo) |
| **WARDEN ZICKEFOOSE,** | : |
| Respondent | : |

## **M E M O R A N D U M**

Petitioner Michael Rinaldi ("Rinaldi"), an inmate presently confined at the Federal Correctional Complex at Allenwood ("FCC-Allenwood") in White Deer, Pennsylvania, commenced this action on July 22, 2013, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) In the petition, Rinaldi challenges his 1999 convictions and sentence in the United States District Court for the Middle District of Pennsylvania. For the reasons set forth below, the instant petition will be denied.

## **I.   Background**

On June 18, 1999, Rinaldi was convicted of conspiracy to distribute narcotics, use of a firearm in relation to drug trafficking, and possession of a firearm after having been convicted of a felony. (Doc. 5 at pp. 1-2.) On November 3, 1999, the Honorable Edwin M. Kosik of the Middle District Court sentenced him to concurrent terms of incarceration of 188 months on each of the drug charges and a

concurrent term of incarceration of 120 months on the firearm possession charges, to be followed by a 60-month consecutive term of incarceration on the use of firearm in relation to drug trafficking charge.  (*Id*. at p. 2.)  The United States Court of Appeals for the Third Circuit upheld Rinaldi's convictions and sentence, and the United States Supreme Court denied his petition for writ of certiorari.  (*Id*.)

On May 11, 2001, Rinaldi filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  (*Id*. at 3-4.)  In his petition, Rinaldi raised grounds of insufficient evidence and ineffective assistance of counsel.  (*Id*.)  His petition was denied.  (*Id*. at 4.)  A subsequent motion to reconsider was also denied by the court.  (*Id*.)  In addition, the Third Circuit denied his certificate of appealability.  (*Id*. at 5.)  Following this denial, Rinaldi filed with the district court a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  (*Id*.)  The district court denied the motion, and the Third Circuit denied his subsequent certificate of appealability.  (*Id*. at 6-7.)

On June 15, 2004, Rinaldi filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that was denied by this court without prejudice to any right Rinaldi may have had to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b).  *See Rinaldi v. Nash*, Civ. No. 1:CV-04-1287 (M.D. Pa. Jan. 13, 2005).  In that petition, Rinaldi asserted challenges to the sufficiency of evidence at

trial, the jury instructions, and his sentencing. *See id.* Following the denial of the petition, on February 14, 2005, Rinaldi sought an order from the Third Circuit Court authorizing the district court to consider a second or successive § 2255 petition pursuant to 28 U.S.C. § 2244(b)(3)(A). (*See* Doc. 5 at p. 6 n.2.) The Third Circuit Court denied the application.[1] *In re. Rinaldi*, Civ. No. 05-1457 (3d Cir. June 23, 2005).

On April 10, 2008, Rinaldi filed an additional petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, wherein he claimed that he is "actually innocent" of the charge of conspiracy to distribute narcotics upon which he was convicted, but did not provide any explanation for his failure to raise this claim in his previous § 2255 petition. *Rinaldi v. Sniezek*, Civ. No. 1:CV-08-0679 (M.D. Pa.). The court dismissed the petition without prejudice to any right Rinaldi may have had to move the appropriate court of appeals for an order authorizing the district court to consider a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(b). (*See id.*) The court also denied a later motion for reconsideration. (*See id.*)

Rinaldi thereafter appealed this court's dismissal of the petition to the Third Circuit. *See Rinaldi v. Sniezek*, 302 F. App'x 125 (3d Cir. 2008). In a *per curiam* opinion affirming this court's decision, the Third Circuit held as follows:

---

[1] Rinaldi also sought leave to file a second or successive § 2255 petition in the Third Circuit Court on January 18, 2006, *In re. Rinaldi*, Civ. No. 06-1201 (3d Cir.), and February 26, 2007, *In re. Rinaldi*, Civ. No. 07-1499 (3d Cir.). Those applications were denied on March 29, 2006 and April 10, 2007, respectively. (*Id.*)

> We agree with the District Court that Rinaldi has not demonstrated such a limitation in § 2255's scope or procedure here.  While he claims that he has presented newly discovered evidence that demonstrates his innocence, this evidence solely consists of trial transcripts and witness affidavits.  Of course, the testimony was available at trial.  In addition, Rinaldi does not argue, and there is no indication, that the information in the affidavits was unavailable at trial.  Finally, the District Court properly denied Rinaldi's motion for reconsideration because he did not identify an intervening change in the law that prevented him from raising an actual innocence claim in his first § 2255 motion.

*Id*. at 127.

On January 19, 2010, Rinaldi filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *Rinaldi v. Rios*, Civ. No. 1:10-CV-00281 (M.D. Pa.). In that petition, Rinaldi restated the claims previously asserted in his 2008 § 2241 petition, including one of actual innocence, but added further claims relating to the firearms and conspiracy convictions.  On May 20, 2010, this court dismissed the petition and later denied a motion for reconsideration.  (*See id.*)

On March 14, 2013, Rinaldi filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *Rinaldi v. Zickefoose*, Civ. No. 1:13-CV-00530 (M.D. Pa.)  Rinaldi again raised a claim of "actual innocence," asserting as follows:

> My crime did not have an affect [sic] on interstate commerce and should have been tried at the state level.  My indictment does not allege an affect on commerce.  In order to commit a federal offense an affect on commerce must be alleged and proven.  Without an affect on

4

>  commerce there is no offense committed and my conduct is not criminal.

(*Id.*, Doc. 6 at 7.) He further contended that "21 U.S.C. 841 and 846 do not require the government to allege or prove an affect on interstate commerce," and that "his purely local conduct was beyond the power of Congress to punish." (*Id.* at p. 8.) As a result, he claimed that his "purely local conduct is not a crime and exceeds Congress' power under the Tenth Amendment." (*Id.*) As to his delay in raising this claim, Rinaldi argued that he could not raise it via 28 U.S.C. § 2255 because the claim did not become available until 2011 when the United States Supreme Court decided *Bond v. United States*, ___ U.S. ___, 131 S. Ct. 2355 (June 16, 2011).[2] As relief, Rinaldi requested that his conviction be vacated and that he be released from custody. (*Rinaldi*, Civ. No. 1:13-CV-00530, Doc. 6 at 9.) On May 23, 2013, this court dismissed the petition. (*See id.*, Doc. 13.) Rinaldi appealed to the Third Circuit Court, which denied the appeal on July 25, 2013. *See Rinaldi v. Zickefoose*, Civ. No. 13-2545 (3d Cir. July 25, 2013).

---

[2] In *Bond*, the Supreme Court reversed a decision of the Third Circuit, wherein the Third Circuit held that only the state itself could argue that a federal statute violated the Tenth Amendment. In its decision, the Supreme Court held instead that individuals have standing to challenge federal statutes on Tenth Amendment grounds when they are directly affected by the statute. *Bond*, 131 S. Ct. at 2363-64 ("The individual, in a proper case, can assert injury from governmental action taken in excess of the authority that federalism defines. Her rights in this regard do not belong to a State.").

On July 12, 2013, Rinaldi filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) in his 1998 criminal matter before Judge Kosik. *See United States v. Powell*, Crim. No. 3:98-CR-00294 (M.D. Pa. 1998). In this motion, Rinaldi sought to have his original habeas corpus proceeding, filed pursuant to 28 U.S.C. § 2255 in May 2001, reopened so that he could attempt to take advantage of a newly decided United States Supreme Court decision, *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (Jun. 17, 2013).[3] On February 25, 2014, Judge Kosik denied the motion. *See Powell*, Crim. No. 3:98-CR-00294 at Doc. 689.

Rinaldi filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 22, 2013. (Doc. 1.) In the petition, Rinaldi seeks to have this court vacate his conviction for use of a firearm in relation to drug trafficking based on a ruling by the United States Supreme Court in *United States v. Watson*, 552 U.S. 74 (2007). In *Watson*, the Supreme Court held that a person does not "use" a firearm under 18 U.S.C. § 924(c)(1)(A) when he receives a gun in trade for drugs.

---

[3] In *Alleyne*, the Supreme Court held that the constitutional rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applies to facts that increase the mandatory minimum punishment for a crime, and that under *Apprendi*, any fact (other than the fact of a prior conviction) that increases a mandatory minimum sentence "is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2155. In doing so, the Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which it had held that *Apprendi* did not preclude the use of facts found by a judge at sentencing to increase a defendant's mandatory minimum sentence.

*Id.*, 552 U.S. at 83.  Here, Rinaldi claims that, at his trial, "the government advanced the theory that [he] was guilty of using a firearm in relation to drug trafficking because he bartered cocaine in exchange for a gun." (Doc. 1 at 3.)  He argues that, under *Watson,* that conduct for which he was convicted is no longer criminal and does not constitute an offense.  (*Id.*)

On July 30, 2013, the court issued an order directing the Respondent to show cause why Rinaldi should not be granted habeas relief.  (Doc. 4.)  Respondent responded to the petition on August 19, 2013, (Doc. 5), and Rinaldi filed a traverse on August 28, 2013 (Doc. 6).  Thus, this habeas petition is ripe for disposition.

## **II.** **Discussion**

Respondent sets forth three arguments for dismissal of the instant petition: 1) that this court lacks jurisdiction over the petition pursuant to 28 U.S.C. § 2255; 2) that the petition should be dismissed as a successive petition; and 3) that Rinaldi's conviction for use of a gun during a drug transaction was factually supported on grounds that are not called into question by *Watson*.  (Doc. 5 at pp. 11–21.)  This court will examine the question of jurisdiction before turning to the other arguments.

7

**A.     The "Savings Clause" of 28 U.S.C. § 2255(e)**

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *see also United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); *Snead v. Warden, F.C.I. Allenwood*, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (stating that challenges to a federal sentence should be brought in a § 2255 motion). However, § 2255 contains a "savings clause," which allows a prisoner to challenge his federal conviction through a petition for writ of habeas corpus if he can show that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). If a petition challenging a federal conviction or sentence does not fit within this savings clause, it must normally be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

The U.S. Court of Appeals for the Third Circuit has held that the savings clause applies only in "rare situation[s]" where "the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[§] 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. In this circuit, the savings clause is only applicable where a prisoner is unable to proceed under § 2255 and is "being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" that was unavailable to the prisoner at the time of his initial § 2255 motion. *See in re Dorsainvil*, 119 F.3d 245, 251–252 (3d Cir. 1996).

Rinaldi presents such a claim in the instant petition. He could not have presented his *Watson* claim when he filed his § 2255 motion in 2001 following his

1999 conviction, as *Watson* was not decided until 2007.  Because the claim raised in the petition is not based on a new rule of constitutional law made retroactive to cases on collateral review, it would not satisfy the requirements for raising a second or successive motion under § 2255, thereby making that section an inadequate vehicle for his claim.  *See id.* at 247-48.  Therefore, this court has jurisdiction over Rinaldi's petition pursuant to § 2255's savings clause.  *See id. at* 252.

### B. Whether Rinaldi's Petition is Barred as a Second Petition

Having established this court's jurisdiction to consider the instant petition, there remains the issue of whether it is procedurally barred as a second petition under 28 U.S.C. § 2244(a).  Section 2244(a) provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).  Unlike the other provisions of § 2244, § 2244(a) "applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States."  *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008).

Under this section, which is essentially a codification of the "abuse-of-the-writ doctrine," "a petitioner may not raise new claims that could have been resolved in a previous action." *Queen*, 530 F.3d at 255 (*citing McClesky v. Zant*, 499 U.S. 467, 483–86 (1991); *see also, e.g., Holland v. Holt*, 461 F. App'x 198 (3d Cir. 2012) (affirming dismissal pursuant to § 2244(a) of a habeas petition setting forth a *Watson* claim). In the intervening time between the Supreme Court's decision in *Watson* and the filing of the instant petition for writ of habeas corpus, Rinaldi filed three other petitions for writ of habeas corpus in which he could have raised his *Watson* claim. *See Rinaldi v. Sniezek*, Civ. No. 1:08-CV-0679 (M.D. Pa. April 10, 2008); *Rinaldi v. Rios*, Civ. No. 1:10-CV-00281 (M.D. Pa. Jan. 19, 2010); *Rinaldi v. Zickefoose*, Civ. No. 1:13-CV-00530 (M.D. Pa. Mar. 14, 2013). However, because each of these previous petitions was dismissed for lack of jurisdiction, they are not counted for purposes of determining whether the instant petition is a "second or successive" petition. *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996) (finding that there was no abuse of the writ where prior petition was dismissed for lack of subject-matter jurisdiction). Therefore, the instant petition is not barred under 28 U.S.C. § 2244(a) and this court may consider it on the merits. As this petition is proceeding under a section not covered by AEDPA's deferential standard of review,

11

this court reviews questions of law and mixed questions of law and fact *de novo*, and applies a presumption of correctness to questions of fact. *See, e.g.*, *Miller v. Fenton*, 474 U.S. 104, 112 (1985).

### C. Whether Rinaldi's Conviction is Valid Under *Watson*

Rinaldi was convicted under a statute making it criminal to "use[] or carr[y]" a firearm "during and in relation to any . . . drug trafficking crime." 18 U.S.C. § 924(c)(1)(A) (1996). In *Watson*, the Supreme Court held that a person does not "use" a firearm under this provision when he receives a gun in trade for drugs. 552 U.S. at 83. Rinaldi claims that the prosecution's theory for convicting him under § 924(c)(1)(A) was that he had received guns in exchange for cocaine, the type of "receipt-in-trade" theory the Supreme Court rejected in *Watson*. (Doc. 1 at 3.) Respondents contend that Rinaldi was not convicted under this theory, but was instead alleged to have "used and carried" a firearm "for a substantial period of time" while engaging in selling cocaine. (Doc. 5 at p. 19.)

As proof that he was convicted under the receipt-in-trade theory, Rinaldi points to the opening argument of the trial, in which the prosecution stated:

> [Y]ou're also going to hear evidence of people that were involved or one person that was involved in buying firearms for Michael Rinaldi . . . . in return for cocaine.

> And you're going to hear, I believe, when the Judge charges you that that very act of trading cocaine for firearms is a violation of this charge that I read to you earlier, using and carrying a firearm in relation to drug trafficking.

(Doc. 13 at p. 2.)

During the closing arguments, however, the prosecution made only the following statements regarding the 924(c) charge against Rinaldi:

> All we have to show is that he possessed either—either one of those two nine millimeters, either the Taurus that Leo Davis said that he had there on the table when he was selling cocaine to him and bagging it up or the Ruger, which everyone is—his own girlfriend testified that he always carried.

(Doc. 5-1 at 30.) Similarly, Rinaldi's trial counsel attempted to refute the government's theory by stating:

> With regard to the gun charges, nobody testified that my client had a reputation for violence. In fact, all of them stated that he didn't have a reputation for violence and that none of that—that he had never been violent with any of those people.
>
> In fact, also, Sergeant Coffay's testimony that Mr. Rinaldi informed him that he bought the bullet-proof vest because Mr. Rinaldi was afraid of guns.
>
> Further, nobody ever testified that my client possessed a firearm while he was dealing drugs. Mr. Leo Davis said that there was a gun on the table while Mr. Rinaldi was packing up cocaine. That doesn't mean he that [sic] possessed it. It could have been anybody else's gun that was in that room. Reasonable doubt certainly exists with regard to the existence of any type of conspiracy with regard to Mr. Rinaldi, and also

13

> that Mr. Rinaldi was in possession of any type of firearm, firearms while he was dealing cocaine.

(*Id.* at 55.) As is evident from these arguments, Rinaldi misrepresents the theory and evidence upon which he was convicted on the gun charge at issue.

Moreover, the trial court's jury charge did not hinge on the proposition of Rinaldi trading cocaine for firearms, and a reading of the charge would not have permitted a conviction on that ground. In its charge, the court stated, in relevant part, as follows:

> To use a firearm during a crime and in relation to a crime means to actively employ the firearm during and in relation to the commission of the crime. Use of a firearm includes firing, attempting to fire, striking with brandishing, displaying or bartering the firearm during and in relation to the commission of the drug trafficking crime.

(Doc. 5-1 at p. 112.) While the court stated that use of a firearm could encompass bartering, the instruction indicated that Rinaldi would have to barter the firearm in exchange for drugs, a theory which has been accepted by the Supreme Court. *See Smith v. United States*, 508 U.S. 223, 241 (1993) ("We therefore hold that a criminal who trades his firearm for drugs 'uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1).") Therefore, the court's instructions did not run afoul of *Watson*.

Furthermore, the court instructed the jury that they could convict Rinaldi on this count if they found that he either "used" or "carried" the firearm. (Doc. 5-1 at p. 112.) As such, Rinaldi could have been convicted under § 924(c) for "displaying" a firearm, the use of a "silent but obvious and forceful presence of a firearm on the table" during the crime, or simply having a firearm within his immediate control during the crime. (*Id.* at pp. 112-13.) While the prosecution may have elicited testimony that Rinaldi traded cocaine for firearms—something that *Watson* held did not constitute a violation of the statute in question—there was also evidence that Rinaldi often carried a firearm on his person and that he displayed a firearm prominently on the table while selling cocaine. (*Id.* at 30.) Not only was this evidence submitted at trial, but, as discussed above, this was the evidence that counsel addressed in their closing arguments. Indeed, the only evidence suggesting that Rinaldi was convicted on the receipt-in-trade theory is the prosecution's opening statement. Because a similar statement was not repeated in the closing argument and because the court did not instruction the jury on the receipt-in-trade theory, the prosecution's opening statement is insufficient to establish that Rinaldi was convicted for conduct that is not criminal. Accordingly, there is no evidence that Rinaldi was convicted on a theory which was later rendered non-criminal.

**III.    Conclusion**

Because there was sufficient evidence to convict Rinaldi under theories that do not conflict with *Watson*, the jury instructions were given in a manner that does not conflict with *Watson,* and the the evidence indicates that the prosecution primarily pursued theories for conviction that remain lawful, this court finds that Rinaldi was not convicted for conduct that has been rendered non-criminal.  As that is the sole claim raised in the instant petition, this court will deny the petition for writ of habeas corpus.

An appropriate order will issue.

    s/Sylvia H. Rambo
United States District Judge

Dated: April 20, 2015.